IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00215-MOC-WCM

| | |
|---|---|
| AMY DENISE BURGIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on the following motions, which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation:

(1) Plaintiff's Motion to Receive New and Material Evidence (Doc. 12).

(2) Plaintiff's Motion for Summary Judgment (Doc. 14).

(3) Defendant's Motion for Summary Judgment (Doc. 22).

I. **Procedural Background**

In March of 2017, Plaintiff Amy Denise Burgin ("Plaintiff") filed an application for supplemental security income benefits, alleging disability beginning February 23, 2017. Transcript of the Administrative Record ("AR") 242-246.

1

On August 28, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision (the "2019 Decision," AR 15-35). The 2019 Decision is the Commissioner's final decision for purposes of this action.

## II. The 2019 Decision

The ALJ found that Plaintiff had the severe impairments of "degenerative disc disease, chronic obstructive pulmonary disease (COPD), depression and anxiety." AR 21. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work…except she is limited to frequent climbing of ramps and stairs but no climbing of ladders, ropes and scaffolds. She is limited to occasional balancing, stooping, kneeling, and crouching but no crawling. She must be afforded the opportunity to alternate between sitting and standing hourly while remaining on task (meaning no more than 2-3 minutes/hour off task for position change). She can have frequent exposure to environmental factors but she must have no concentrated exposure to temperature extremes. In addition, she is limited to unskilled work that can be performed in two-hour segments. She must not have no [sic] public contact and only occasional contact with supervisors and co-workers but the work itself must not require teamwork for task completion. Work must be performed at a non-production pace in a stable work environment that would not require conflict resolution or crisis management.
>
> AR 24.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period (February 23, 2017 through August 28, 2019). AR 29-30.

### III. The 2020 Decision

Subsequently, Plaintiff filed a separate application, alleging disability beginning August 29, 2019 (i.e., the day after the 2019 Decision was entered). On October 23, 2020, a different ALJ issued a fully favorable decision. See Doc. 12-1 (the "2020 Decision").

### IV. Plaintiff's Allegations of Error

Primarily, Plaintiff contends that the 2020 Decision is "new and material" evidence that requires remand of the 2019 Decision. Additionally, Plaintiff argues that the ALJ failed to account for her limitations in concentration, persistence, or pace properly, and that this failure resulted in the ALJ discounting certain testimony of the vocational expert ("VE") improperly.

### V. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using

3

a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff was disabled but, rather, whether the Commissioner's decision that she was not disabled during the relevant period (February 23, 2017 through August 28, 2019) is supported by substantial evidence in the record and based on the correct application of the law. Id.

## VI. Discussion

### A. The Motion to Receive New and Material Evidence (Doc. 12)

#### 1. Applicable Standard

In her Motion to Receive New and Material Evidence (Doc. 12), Plaintiff contends that the 2020 Decision is new and material. Doc. 12.

Although Plaintiff relies on Rule 60(b)(6) of the Federal Rules of Civil Procedure, the undersigned believes the Motion is more appropriately considered pursuant to the sixth sentence of 42 U.S.C. § 405(g) ("The court may…at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding….").

#### 2. The 2020 Decision

In the 2020 Decision, the ALJ found that Plaintiff had the severe impairments of "lumbar and thoracic degenerative disc disease, chronic obstructive pulmonary disorder (COPD), mastoiditis, hearing loss, depressive disorder and anxiety disorder." Doc. 12-1 at 4. In contrast to the 2019 Decision, the ALJ determined in the 2020 Decision that Plaintiff was "not able to sustain concentration and pace for at least 2-hour segments during a standard 8-hour workday. She would be off task 10% or more of a standard 8-hour workday due to impairment related symptoms at unpredictable intervals." Id at 5. In

5

developing Plaintiff's RFC in the 2020 Decision, the ALJ discussed Plaintiff's medical records and opinion evidence post-dating the 2019 Decision, see Doc. 12-1 at 5-7, and explained, with respect to the 2019 Decision:

> The findings made in the prior decision were persuasive; the current claim was filed shortly after the prior decision was issued and alleged disability based on the same impairments beginning the day after the date of the prior decision. Moreover, the medical evidence obtained for the current claim does not show a significant change in her medical condition. However, those decisions did not appropriately consider her mastoiditis as a severe impairment, which the undersigned found would further limit her to being off task at least 10% of the workday, and this finding was well supported by Dr. [Michael] Fiore's [February 7, 2020] mental status examination.

Doc. 12-1 at 7.

Plaintiff contends that this matter should be remanded so that the 2019 Decision can be "reconciled" with the 2020 Decision. See Doc. 18 at 2; Doc. 15 at 2. Plaintiff further argues that the ALJ in the 2020 Decision found the 2019 Decision to be "erroneous," Doc. 15 at 2, and that the 2020 Decision was based on "essentially the same medical evidence as is present in this case." Doc. 15 at 15.

However, the Fourth Circuit has noted that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Commissioner of Social Security, 520 Fed. Appx. 228, 229 n * (4th Cir. May 6,

6

2013) (per curium) (quoting Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir. 2009)); see also Hendrickson v. Berryhill, No. 1:16-cv-00367-MOC-DLH, 2018 WL 1431751, at *3 (W.D.N.C. March 22, 2018) (following Baker, and explaining that a subsequent grant of benefits "could have been based on a new age classification, a worsening of the claimant's condition, or some other change," and that the subsequent grant was not material because it covered a different time period (beginning the day after the date of the unfavorable decision)); Watkins v. Colvin, No. 1:13–cv–00324–MR–DLH, 2015 WL 196383, at *2 (W.D.N.C. Jan. 15, 2015) ("The Plaintiff's subsequent favorable decision standing alone is not new or material evidence"); Meadows v. Berryhill, No. 5:16-cv-00068-RJC-DSC, 2017 WL 4534771, at *5 (W.D.N.C. Oct. 11, 2017) ("This Court…adopts the rule that a subsequent decision alone is not new and material evidence").

Further, although Plaintiff argues that the ALJ in his 2020 Decision found the 2019 Decision to be erroneous, the 2020 Decision, as noted above, analyzed medical records and evidence post-dating the 2019 Decision. In particular, the 2020 Decision included a discussion of Plaintiff's unsuccessful treatment for mastoiditis beginning in August of 2019, as well as the findings of a February 7, 2020 psychological evaluation, which the ALJ found to be "highly persuasive." Doc. 12-1 at 5 & 6; see also Doc. 12-1 at 7 (ALJ explaining that in July 2020, Plaintiff followed up for her mastoiditis, and reported that

7

her pain was getting worse, and that she was experiencing dizziness and felt like she was going to black out 3-4 times per week).

Under these circumstances, the undersigned will recommend that Plaintiff's Motion to Receive New and Material Evidence be denied.

### B. The Motions for Summary Judgment

Plaintiff argues that the ALJ failed to account for her limitations in concentrating, persisting, or maintaining pace. Plaintiff additionally asserts that the ALJ should have relied on the VE's testimony regarding the preclusive effect of greater functional limitations on Plaintiff's ability to work. Finally, Plaintiff reiterates her position that this matter should be remanded so the 2019 Decision can be reconciled with the 2020 Decision. See Doc. 15.

#### 1. Concentration, Persistence, and Pace

An ALJ who finds that a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration,

8

persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, the ALJ included certain non-exertional limitations in the RFC; specifically, that Plaintiff could engage in "unskilled work that can be performed in two-hour segments," that she was limited to "no public contact and only occasional contact with supervisors and co-workers but that the work itself must not require teamwork for task completion," and that work would need to be performed "at a non-production pace in a stable work environment that would not require conflict resolution or crisis management." AR 24. Plaintiff contends that the limitations to unskilled work that can be completed in two-hour segments and work that does not require teamwork for task completion fail to account for her limitations in concentration, persistence, or pace. Doc. 15 at 16.

In support of her position, Plaintiff relies on Dale v. Saul, No. 1:19-CV-47-DSC, 2019 WL 4389040 (W.D.N.C. Sept. 12, 2019). In Dale, the ALJ accounted for a plaintiff's moderate difficulties in maintaining concentration, persistence, or pace "*if at all*, by limiting her to 'short, routine, repetitive tasks.'" 2019 WL 4389040, at *3 (emphasis added). The court ordered remand. Id. (citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) ("the ability to perform simple tasks differs from the ability to stay on task")).

9

Here, however, the ALJ directly addressed Plaintiff's ability to concentrate, persist, or maintain pace, and included functional limitations specifically intended to account for Plaintiff's abilities. See AR 27 ("While the claimant has moderate limitations in her social functioning and concentration, persistence or pace, there is no evidence that her cognition and state of mind are so seriously impaired as to preclude the performance of unskilled work that can be performed in two-hour segments") ("I find that the claimant's her [sic] reaction to stress and her ability to keep pace are questionable, which is why I have limited her to a non-production pace in a stable work environment that would not require conflict resolution or crisis management"); see also Buckner v. Saul, No. 1:20-cv-00002-FDW, 2021 WL 467204, at *5 (W.D.N.C. Feb. 9, 2021) ("The ALJ limited Plaintiff to an RFC of 'simple, routine, and repetitive tasks' for two-hour segments at a time which directly accounts for his limitations in concentration, persistence, and pace"); Funderburk v. Saul, No. 3:20-cv-00334-FDW, 2021 WL 1721871, at *5 (W.D.N.C. April 30, 2021).

Further, when developing these limitations, the ALJ explained that he found the State agency consultants' opinions regarding Plaintiff's mental abilities persuasive. AR 28; see AR 134 (Maged Saad's opinion, on initial review, that Plaintiff "can carry out instructions and maintain concentration in order to complete tasks in a timely manner" and "can adapt to a variety of simple tasks in a low stress environment"); AR 151-152 (Darolyn Hilts' opinion,

10

on reconsideration, that Plaintiff can "carry out instructions and maintain concentration in order to complete tasks in a timely manner," can "interact appropriately and should be able to adapt to the routine interpersonal demands of work" but is "best suited to a stable low stress work setting," and can "adapt to a variety of simple tasks in a low stress work environment").

An ALJ may appropriately rely on such opinion evidence when considering a claimant's ability to concentrate, persist, or maintain pace. See Norton v. Saul, 1:20-cv-00060-KDB, 2021 WL 861710, at *3 (W.D.N.C. March 8, 2021) ("The ALJ's reliance on the opinion of the state agency medical consultant that [plaintiff] could complete simple tasks even with moderate limitations in CPP satisfies the explanation necessary to support the RFC limitations"); Del Vecchio v. Colvin, No. 1:14cv116-RLV, 2015 WL 5023857, at *6 (W.D.N.C. Aug. 25, 2015); Tanner v. Commissioner of Social Security, 602 Fed. Appx. 95, 101 (4th Cir. 2015) (unpubl.).

Under these circumstances, "[t]he court is not left to guess" at the foundations for the ALJ's findings regarding Plaintiff's ability to stay on task, and such findings are appropriately supported. Pegg v. Berryhill, No. 1:16-cv-383-MOC, 2017 WL 3595487, at *3 (W.D.N.C. Aug. 21, 2017); Nanney v. Saul, No. 3:20 CV 342 MOC WCM, 2021 WL 3121216, at *5 (W.D.N.C. June 25, 2021), report and recommendation adopted, 2021 WL 3112402 (W.D.N.C. July 22, 2021).

11

Therefore, the undersigned will not recommend remand on this basis.

### 2. Hypothetical to the VE

Plaintiff argues that the ALJ failed to rely on the VE's testimony that a claimant who is unable to maintain attention and concentration for at least two-hour segments and/or a claimant who needs to lie down throughout the workday would be precluded from competitive employment. Doc. 15 at 17-18; see AR 69 (hearing testimony).

With respect to her inability to sustain concentration and attention for a two-hour period, Plaintiff again relies on the 2020 Decision which stated that Plaintiff's mastoiditis would "further limit her to being off task at least 10% of the workday." See Doc. 15 at 18 (citing Doc. 12-1 at 7). With respect to her need to lie down, Plaintiff argues that her testimony that she would "sit down and lay down" due to back pain is supported by "the clinical details in the record regarding the Plaintiff's back problems" as set forth in the 2020 Decision.[1]

A "hypothetical question is unimpeachable if it 'adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence." Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir. 2006) (unpublished) (citing

---

[1] It appears that the 2019 Decision included a less significant limitation. See AR 24 (limiting Plaintiff to sedentary work with additional limitation that Plaintiff would need to alternate between sitting and standing hourly). That finding was based, in part, on the ALJ's view that a previous unfavorable decision (adjudicating the period of February 26, 2014 through February 22, 2017) was persuasive. AR 28; see also AR 105-120.

12

Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005)(alterations in original).

Here, the hypothetical upon which the ALJ relied is consistent with the limitations set forth in Plaintiff's RFC. Although Plaintiff contends that additional limitations should have been recognized, Plaintiff again relies on the 2020 Decision to support her position. However, that Decision adjudicated a subsequent period based on evidence that post-dated the 2019 Decision. Accordingly, the undersigned will not recommend remand on this basis.

### 3. The 2020 Decision

In her Motion for Summary Judgment, Plaintiff also reiterates her position that the 2020 Decision and 2019 Decision must be reconciled. As discussed above, the undersigned does not find that the 2020 Decision, which considered Plaintiff's disability during a subsequent time period, is a proper basis upon which to require reconsideration of the 2019 Decision.

## VII. Recommendation

Considering the foregoing, the undersigned respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion to Receive New and Material Evidence (Doc. 12) be **DENIED**.

(2) Plaintiff's Motion for Summary Judgment (Doc. 14) be **DENIED**.

(3) Defendant's Motion for Summary Judgment (Doc. 22) be **GRANTED**.

Signed: December 22, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).