UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-215-MOC-WCM

| | | |
|---|---|---|
| **AMY DENISE BURGIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#24). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed an objection within the time allowed, and Defendant filed a Reply. (#25, #26).

### I.     Background

In March 2017, Plaintiff filed an application for supplemental security income benefits, alleging disability beginning February 23, 2017. On August 28, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. Subsequently, Plaintiff filed a separate application, alleging disability beginning August 29, 2019 (i.e., the day after the 2019 Decision was entered). On October 23, 2020, a different ALJ issued a fully favorable decision. See (Doc. 12-1 (the "2020 Decision").

In her motion to receive new evidence and in her summary judgment motion, Plaintiff contended that the 2020 Decision is "new and material" evidence that requires remand of the

-1-

2019 Decision. Additionally, Plaintiff argued that the ALJ failed to account for her limitations in concentration, persistence, or pace properly, and that this failure resulted in the ALJ discounting certain testimony of the vocational expert ("VE") improperly.

In a Memorandum and Recommendation dated December 22, 2021, U.S. Magistrate Judge W. Carleton Metcalf recommended that Plaintiff's motion to receive new and material evidence be denied, that Plaintiff's motion for summary judgment be denied, and that Defendant's motion for summary judgment be granted. Plaintiff filed an objection to the magistrate's recommendation, raising only her claim regarding the new evidence.

## II.     Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

## III.     Discussion

Plaintiff's sole objection is to Magistrate Judge Metcalf's recommended finding on the issue of a subsequent favorable decision. In her objection, however, Plaintiff merely reiterates her argument that this Court should remand the Commissioner's decision because she received a subsequent, favorable decision based on evidence from a time period not at issue in this case.

As Judge Metcalf correctly explained, however, a subsequent favorable decision is not, in and of itself, the kind of new and material evidence that necessitates a remand. (M&R 6-7; Doc. No. 17, 4–5). As Magistrate Judge Metcalf pointed out, the ALJ who found Ms. Burgin disabled did not base his conclusions on the record as it stood when the decision at issue here was written. Rather, the subsequent decision was based on evidence of "unsuccessful treatment for mastoiditis beginning in August of 2019, as well as the findings of a February 7, 2020 psychological evaluation, which the ALJ found to be 'highly persuasive.'" (M&R 7; see also Doc. No. 17 at 6-7, Doc. No. 23 at 15-16).

Plaintiff also points to this Court's recent decision in Skidmore v. Saul, No. 1:20-cv-00112-DSC, 2021 WL 880380 (W.D.N.C. Mar. 9, 2021). (Pl. Objs. 1–2). Although Judge Metcalf did not explicitly address Skidmore, that case involved a subsequent disability application and the evidence supplied in support of that application. Skidmore does not apply to a case like this one, where a claimant seeks to add to the record a subsequent decision that relates to a time period not at issue on the present claim. Moreover, unlike in this case, the subsequent agency decision and evidence in Skidmore involved "substantially" the same record. Skidmore, 2021 WL 880380, at *2.

**IV.    Conclusion**

After careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and

recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the M&R.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection (#25) is **OVERRULED**, the Memorandum and Recommendation (#24) is **AFFIRMED,** Plaintiff's Motion to Receive New and Material Evidence (#12) is **DENIED**, Plaintiff's Motion for Summary Judgment (#14) is **DENIED**, the Government's Motion for Summary Judgment (#22) is **GRANTED**.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: January 25, 2022

Max O. Cogburn Jr
United States District Judge

Signed: January 25, 2022